## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **TACTACELL, LLC** | **CIVIL DOCKET NO. 6:22-CV-00773** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DEER MANAMGEMENT SYSTEMS, LLC** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### MEMORANDUM RULING

Before the Court is DEER MANAGEMENT SYSTEMS, LLC'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) AND (3) AND/OR ALTERNATIVELY FOR TRANSFER OF VENUE UNDER 28 U.S.C. §§ 1404, 1406, filed by Defendant, Deer Management Systems LLC ("Deer Management" or "Defendant") (the "Motion"). [Doc. 4]. Plaintiff, Tactacell, LLC ("Tactacell" or "Plaintiff") opposes the Motion. [Doc. 10]. For the following reasons, the Motion is DENIED.

### BACKGROUND

This matter stems from a business dispute between two companies. In January of 2020, Jeff Peel, the manager and owner of Deer Management, contacted Matt Busbice, a resident of Louisiana and the manager and sole owner of Tactacell, seeking help with the development of a "trail camera" to be used for hunting purposes (the "Reveal Trail Camera"). [Doc. 1, ¶¶ 13-15]. The two companies soon began extensive negotiations of an "Independent Contractor Agreement" (the "Agreement") through a series of emails, text messages, and phone calls from their respective domiciles. [Doc. 10, p. 5]. The Agreement anticipated a long-term relationship during which Tactacell would provide testing, consulting, and marketing services to Deer

1

Management.  [*Id.* at ¶¶ 15, 19].  In exchange for these services, Deer Management would pay annual disbursements to Tactacell.  [Doc. 10, p. 5].

The parties ultimately entered into the Agreement in March of 2020.  [Doc. 10, p. 5].  It was executed by Tactacell in Louisiana, and by Deer Management in Minnesota.  [Doc. 1, ¶¶ 21-22].  Following execution of the Agreement, the parties continued to communicate in furtherance of their business relationship and the development and marketing of the Reveal Trail Camera. Deer Management subsequently sent a test camera to Tactacell in Louisiana, which then tested it in Lafayette, St. Martin, LaSalle, and Winn Parishes.  [Doc. 10-1, ¶ 18].

The companies' relationship began to sour soon thereafter.  Tactacell claims it dutifully performed services in accordance with the Agreement yet did not receive payments from Deer Management.  [Doc. 1, ¶¶ 24-30].  Tactacell also contends that Deer Management failed in its obligation to provide annual accountings and improperly sought to terminate the Agreement on June 10, 2021.  [*Id*].

On March 22, 2022, Plaintiff brought the above-captioned matter under this Court's diversity jurisdiction.  [Doc. 1]; 28 U.S.C. § 1332.  Tactacell is a Louisiana-based company and a citizen of Louisiana for purposes of diversity.[1]  It seeks damages for Deer Management's breach of contract, or in the alternative, unjust enrichment. Defendant, Deer Management, a Minnesota-based company and a citizen of Iowa and

---

[1]    "[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members."  *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).  Tactacell's sole member is Matt Busbice, a Louisiana citizen.  [Doc. 1].

Wisconsin,[2] now moves to dismiss this matter for lack of personal jurisdiction and improper venue, or alternatively, asks the Court to transfer the case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).  The Motion is ripe for ruling.

**ANALYSIS**

## I.   Personal Jurisdiction

Deer Management first urges that the Court dismiss Plaintiff's Complaint without prejudice because it lacks personal jurisdiction.  As the plaintiff, Tactacell bears the burden of demonstrating federal jurisdiction.  *Sureshot Gold Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 Fed.Appx. 235, 239 (5th Cir. 2018) (citing *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998).  In evaluating jurisdiction, all uncontroverted allegations in the complaint are taken as true and factual conflicts are resolved in the plaintiff's favor.  *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.* 943 F.3d 239, 249 (5th Cir. 2019).

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment."  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).  Louisiana's long-arm statute, La. R.S. § 13:3201, permits jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  Accordingly, the Court need only determine whether its

---

[2]      Deer Management is comprised of five (5) members who reside in three cities: Decorah, Iowa; Onalaska, Wisconsin; and Holmen, Wisconsin.  [Doc. 15].

3

exercise of jurisdiction comports with constitutional due process. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

Under the Due Process Clause, a court may exercise personal jurisdiction over a nonresident defendant only when the defendant has "established enough purposeful contacts with the forum and where jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317-18 (5th Cir. 2021). A long line of Supreme Court and Fifth Circuit cases have established two distinct ways in which these requisite "minimum contacts" between a defendant and the subject forum may be established: "general jurisdiction" and "specific jurisdiction."

Here, the Plaintiff only alleges that the Court has specific personal jurisdiction. The Fifth Circuit has developed a three-part test for evaluating specific jurisdiction as follows:

> "*First*, the defendant must 'purposefully avail[] itself of the privilege of conducting activities in the forum State.' *Ford Motor Co. v. Mont. Eighth Jud. Distr. Ct.*, 141 S. Ct. 1017, 1024 (2021) (cleaned up). The defendant's ties to the forum, in other words, must be ties that 'the defendant *himself*' purposefully forged. *Diece-Lisa*, 943 F.3d at 250 (quoting *Walden v. Fiore*, 571 U.S. 277, 284, (2014)) (cleaned up). *Second*, the plaintiff's claim 'must arise out of or relate to' those purposeful contacts. *Id.* at 1025. A defendant may have many meaningful ties to the forum, but if they do not connect to the plaintiff's claim, they cannot sustain our power to hear it. *Third*, exercising our jurisdiction must be 'fair and reasonable' to the defendant. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)."

*Johnson*, 21 F.4th at 317-18 (emphasis in original). If the plaintiff can successfully establish the first two prongs, the burden then shifts to the defendant to show that

exercising jurisdiction would prove unfair or unreasonable.  *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014).

Given Tactacell's allegations in the Complaint, the Court finds that Defendant's contacts with Louisiana giving rise to this dispute support this Court's exercise of personal jurisdiction.  Under the facts alleged, Deer Management initiated contractual negotiations with Tactacell, a resident of Louisiana.  Following this initial contact, the parties engaged in "extensive negotiations" through emails, texts, and phone calls, each from their respective domiciles.  However, most critical to the Court's analysis is the parties' mutual expectation that the services contemplated in the Agreement would be provided by the Plaintiff – at Defendant's direction – in Louisiana.  *See*, [Doc. 4-5, p. 5].  This, in conjunction with: (i) Plaintiff's alleged rendering of those services in Louisiana; and (ii) the Defendant's shipment of a test product to Louisiana, clearly establish that the Defendant purposefully directed its contacts toward Louisiana.  *See*, *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("although physical presence in the forum is not a prerequisite to jurisdiction, … physical entry into the State – either by the defendant in person or through an agent, goods, mail, or some other means – is certainly a relevant contact").

Once minimum contacts have been established, the defendant must make a compelling case that it would be unreasonable for this Court to exercise jurisdiction. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).  Deer Management has failed to do so here.  To this end, the Court finds that the burden of requiring Defendant to defend this case in Louisiana is no greater than the burden caused by Plaintiff if it were required to litigate this matter in Minnesota. *Central Freight Lines*

*Inc. v. APA Transport Corp.*, 322 F.3d 376, 382 (5th Cir. 2003).  Accordingly, because Deer Management: (i) purposely entered into a contract with a Louisiana LLC; (ii) for the performance of work that the parties anticipated would largely take place in Louisiana, and (iii) it is from the Defendant's alleged breach of this contract that this dispute arises, this Court maintains personal jurisdiction over the Defendant in this action.

## II.   Venue

Deer Management next argues that the Court should dismiss this action because the Western District of Louisiana is not a proper venue.  The burden is on a plaintiff to establish that venue is proper in the judicial district where the case has been brought.  *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268 at *2 (5th Cir. 1995).  When analyzing a Rule 12(b)(3) motion, the court must accept all allegations in the complaint as true and resolve all conflicts in favor of the plaintiff.  *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed.Appx. 612, 615 (5th Cir. 2007).  The court may consider evidence beyond the facts alleged in the complaint and its proper attachments.  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Fed R. Civ. P 12(b)(3) and 28 U.S.C. § 1406 permit dismissal only when venue is "wrong" or "improper."  *Atlantic Marine Const. Co., v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 51 (2013).  Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws.  *Id.*  Under the general venue statute, a civil action may be brought in:

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b)(2).  Substantiality is "more of a qualitative than quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts."  *Univ. Rehab. Hosp., Inc. v. Int'l Co-op. Consultants, Inc.*, No. 05-1827, 2006 WL 1098905, at *2 (W.D. La. Apr. 24, 2006).  "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue."  *Id*.  Venue may be proper in more than one district, and the "substantial part of the events or omissions test does not require that the chosen venue to be the *best* venue; instead, the selected district must simply have a substantial connection to the claim."  *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 Fed.Appx. 363, 365 (5th Cir. 2008) (unpublished).

The Court finds that venue is proper in this District because it is a location where the parties anticipated the performance of the Agreement would take place.  *See*, *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981).  In addition, Deer Management sent a test product to Louisiana, Deer Management allegedly breached the contract by failing to send payments to Louisiana, certain pre-Agreement negotiations occurred in Louisiana, and the Agreement itself was signed by Tactacell in Lafayette, Louisiana.  The Court therefore finds that a substantial part of the events giving rise to the breach of contract claim – namely, the contract's execution, the expected performance, and the Defendant's alleged breach – have a

substantial nexus to this District.   Venue is proper in the Western District of Louisiana.

## III.   Transfer to District of Minnesota

Deer Management finally argues that the Court should transfer this matter because Minnesota is a far more convenient forum for the adjudication of this case. A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice."  28 U.S.C. § 1404(a).  The preliminary question in a transfer of venue motion is whether the suit could have been originally filed in the venue proposed by the mover.  If venue would be proper in the destination venue, *i.e.,* the District of Minnesota, it must next assess the "convenience" of maintaining the suit in the venue where it was actually filed.  The decision regarding a transfer of venue is within the discretion of the district court, and is generally guided by the following private and public interest factors:

> (1) "the relative ease of access to sources of proof;" (2) "the availability of compulsory process to secure the attendance of witnesses;" (3) "the cost of attendance for willing witnesses;" (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive;" (5) "the administrative difficulties flowing from court congestion;" (6) "the local interest in having localized interests decided at home;" (7) "the familiarity of the forum with the law that will govern the case;" and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).  Additionally, the plaintiff's choice of venue is to be considered.  *Id.* (citing *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

Exercising its sound discretion, the Court declines to transfer this case to the District of Minnesota.  Although Minnesota is likely also a proper venue for this action, the Court finds that this District is not an "inconvenient" forum within the meaning of § 1404(a).  Though some of the witnesses live in Minnesota and its neighboring states, other witnesses and available evidence are located within this forum.  Further, despite Deer Management being a Minnesota company, none of its members are actually domiciled there.  Finally, none of the public interest factors heavily weigh in favor of transferring this case to another venue.

At bottom, Defendant has failed in its burden to show that the District of Minnesota is clearly more convenient than this venue.  *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) ("When the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected").  Accordingly, the Court will maintain jurisdiction over this matter.

### CONCLUSION

IT IS HEREBY ORDERED that DEER MANAGEMENT SYSTEMS, LLC'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) AND (3) AND/OR ALTERNATIVELY FOR TRANSFER OF VENUE UNDER 28 U.S.C. §§ 1404, 1406 [Doc. 4], is DENIED.

THUS, DONE AND SIGNED in Chambers on this 10th day of August 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE