UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TACTACELL, LLC** | **CIVIL ACTION NO.: "6:22-cv-00773"** |
| **VERSUS** | **JUDGE: HON. DAVID C. JOSEPH** |
| **DEER MANAGEMENT SYSTEMS, LLC** | **MAGISTRATE: JUDGE DAVID J. AYO** |

**OPPOSITION TO DEER MANAGEMENT SYSTEMS, LLC'S MOTION TO COMPEL**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Tactacell, LLC ("Plaintiff"), to file this Opposition to the Motion to Compel [R. Doc. 85] filed by Defendant, Deer Management Systems, LLC ("DMS"). Plaintiff asserts that Defendant's Motion to Compel should be denied as the request by DMS is overly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of relevant and admissible evidence and only appears to be intended to harass and intimidate Plaintiff.

## I.    FACTUAL BACKGROUND

This discovery dispute arises out of DMS seeking the production of an immaterial contract between two entities that are not a party to the instant lawsuit. As this Court is aware, Plaintiff filed the instant breach of contract action which involves an improper termination and a claim for damages. The only contract at issue is the Independent Contractor Agreement (the "Agreement") entered into between Tactacell and Deer Management Systems, LLC ("DMS") in March 2020. The Agreement stated, among other things, that Tactacell would provide consulting services to help with the development of the Reveal Trail Camera ("Reveal Camera") in exchange for an annual percentage of the net profits. [R. Doc. 1 ¶ 15 and R. Doc. 38 ¶ 24] William Matthew Busbice ("Matt Busbice") was the sole owner and operator of Tactacell, LLC which was formed for the

1

purposes of entering into the Agreement. At the time Plaintiff, Tactacell, LLC entered into the Agreement, Matt Busbice was under an active non-compete as a result of a prior Consulting Agreement with Plano Synergy Holding ("Plano"). The Consulting Agreement with Plano was originally entered into on November 8, 2017 and had a four-year term which was set to expire in November 2021. The non-compete clause limited the scope of what Mr. Busbice could and could not consult on during the term of the Consulting Agreement with Plano. [R. Doc. 84-1]

The Agreement was written to acknowledge the non-compete in the Consulting Agreement and the fact that Tactacell would be restricted in its ability to provide services for a specified time period. The Agreement specifically references the restrictions by the Plano Consulting Agreement and refers to it as an endorsement agreement stating, "The rate will begin at one percent (1%) as long as Contractor's services are **restricted** by way of Contractor's "**endorsement agreement**" agreement with Plano Synergy Holding ("Plano")." (emphasis added) The Consulting Agreement with Plano was terminated effective November 8, 2019, and the only surviving clause was the non-compete clause which survived for the full term until November 8, 2021. Not only was the Consulting Agreement with Plano produced in discovery, but Plaintiff also produced the letter terminating the Consulting Agreement in discovery bates labeled as TACTACELL000489-000490. [R. Doc. 83-3]

DMS is seeking to compel the production of "The Employment Agreement referenced in the Consulting Agreement" which was requested in DMS' Second Set of Requests for Production of Documents issued to Plaintiff. [R. Doc. 85-4] Plaintiff appropriately objected to the production of the document on the basis that it is wholly irrelevant and not related to any claims or defenses in the instant lawsuit and moreover the request is unduly burdensome and appears intended only

to intimidate and harass Plaintiff. As such, the Motion to Compel filed by DMS should be denied.

## II.     APPLICABLE LAW AND ARGUMENT

Rule 26(b) of the Federal Rules of Civil Procedure provides that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "In the simplest terms, under Rule 26, the requested discovery must be both relevant and proportional." *Walker v. Pioneer Prod. Servs.*, 2016 U.S. Dist. LEXIS 42414, at *9 (E.D. La. Mar. 30, 2016). If the information sought is not relevant to any claim or defense in the case, it is not necessary to determine whether it would be proportional. *Id.*

Although the scope of discovery under the Federal Rules is traditionally quite broad, it is not boundless. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery of information and materials that are not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b). *Id.* at 352.

### a. DMS is Seeking to Compel a Document That is Immaterial and Irrelevant to the Instant Lawsuit.

DMS is seeking to compel the production of a contract entered into between Plano Holding, LLC and Matt Busbice ("the Employment Agreement") that is irrelevant, proprietary, and has no bearing on this case. The Employment Agreement is not relevant because it falls outside the scope of the issues, claims, and defenses, is outside the relevant time period, and involves entities that are not a part of this lawsuit. The Employment Agreement is a contract that was entered into

3

between Plano Holding, LLC and Matthew Busbice in 2013 and was terminated in 2017, as stated in the Consulting Agreement. As the Employment Agreement involves entities that are not parties to the instant lawsuit, the document should not be subject to production. Plaintiff appropriately objected to DMS' Second Set of Requests for Production as the request seeks a contract outside of the scope of the issues and is unrelated to the basis of this lawsuit and the damages being claimed.

DMS is claiming it is entitled to the production of the Employment Agreement on the basis that the Consulting Agreement with Plano references the Employment Agreement in a WHEREAS paragraph and paragraph 10 and as such *may* have *some* relevance. However, that cannot be true as DMS is aware that the Consulting Agreement, which references the Employment Agreement was terminated months prior to the parties entering into the Agreement at issue.

Plaintiff produced the September 18, 2019 letter agreement ("Letter Agreement") from Plano which terminated the Consulting Agreement effective November 8, 2019 [R. Doc. 83-3]. The Agreement at issue was not entered into until March 2020, well after the Consulting Agreement was terminated as of November 8, 2019. The September 18, 2019 Letter Agreement also made clear that the only clause in the Consulting Agreement which survived after the termination was the non-compete clause in paragraph 7 of the Consulting Agreement. As evidenced by the Letter Agreement terminating the Consulting Agreement in November 2019, which clearly states that the non-compete clause is the only clause with which Matt Busbice was still bound, all clauses including the WHEREAS paragraph cited by Defendants as the basis for the present Motion to Compel was terminated and ceased to exist as of November 2019.

In other words, the WHEREAS paragraph cited by DMS which referenced the Employment Agreement, which, again, is the sole basis for Defendant's present Motion, was

4

terminated and ceased to exist on November 8, 2019, approximately four (4) months prior to the Agreement at issue being entered into. As a result, there can be no possible relevance to this case, indicating that the present Motion was filed to harass and intimidate Plaintiff.

Plano confirmed the <u>only</u> clause Matt Busbice was still bound by was the non-compete clause in paragraph 7 of the Consulting Agreement. [R. Doc. 83-3] DMS claims that certain clauses of the Employment Agreement may have survived its termination based on the WHEREAS paragraph in the Consulting Agreement which references clauses of the Employment Agreement. [R. Doc. 83] However, as explained herein, any paragraphs, clauses, or sections which could have arguably survived in the Employment Agreement through the Consulting Agreement were terminated when the 2019 termination Letter Agreement was issued by Plano and accepted by Matt Busbice stating that the non-compete clause was the only remaining binding clause.

As explained, the termination of the surviving Employment Agreement clauses and the Consulting Agreement occurred well before DMS and Tactacell entered into the Agreement at issue in this matter in March 2020. Thus, any contract referenced within another contract that was clearly terminated prior to the parties entering into the Agreement in March of 2020 is not relevant and cannot possibly have any bearing on the claims or defenses at issue. [R. Doc. 83-3] DMS' request for the Employment Agreement is overly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of relevant and admissible evidence and instead appears calculated solely to harass and intimidate Plaintiff. Thus, DMS' Motion to Compel and its request for attorney's fees and costs should be denied.

**WHEREFORE**, Plaintiff, Tactacell, LLC respectfully requests this Honorable Court deny Defendant, Deer Management Systems, LLC's Motion to Compel.

        Respectfully submitted,

        **RIESS LEMIEUX, LLC**

By:   */s/ Jonathan S. Forester*
       Jonathan S. Forester (#32457)
       Michael R.C. Riess (#2073)
       1100 Poydras Street, Suite 1100
       New Orleans, Louisiana 70163
       Telephone: (504) 581-3300
       Facsimile: (504) 581-3310
       Email: jforester@rllaw.com
       Email: mriess@rllaw.com
       ***Attorneys for Plaintiff, Tactacell, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record on this 10th day of April, 2024.

*/s/ Jonathan S. Forester*