UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TACTACELL L L C                                CIVIL ACTION NO.   6:22-CV-00773

VERSUS                                         JUDGE DAVID C. JOSEPH

DEER MANAGEMENT SYSTEMS LLC   MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING AND ORDER

Before the Court is a MOTION TO COMPEL (Rec. Doc. 85) filed by Defendant Deer

Management Systems, LLC.   Plaintiff Tactacell, LLC filed an opposition. (Rec. Doc.

103).   Considering the evidence, the law, and the parties' arguments, and for the

reasons explained below, the motion is GRANTED.[1]   Deer Management's motion

(Rec. Doc. 86) seeking expedited consideration of the instant motion is DENIED.

## Background

This matter stems from a business dispute.   In January of 2020, Jeff Peel, the

manager and owner of Deer Management, contacted Matt Busbice, a resident of

Louisiana and the manager and sole owner of Tactacell, seeking help with the

development of a "trail camera" to be used for hunting purposes (the "Reveal Trail

Camera"). (Rec. Doc. 1,  ¶¶ 13-15).   The parties entered into an Independent

Contractor Agreement in March of 2020 ("March 2020 Agreement") which anticipated

a long-term relationship during which Tactacell would provide testing, consulting,

and marketing services to Deer Management. (Rec. Doc. 10, p. 5; Rec. Doc. 1 at ¶¶ 15,

---

1. As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits
within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the
authority thereof, and in accordance with the standing order of this court. Any appeal must be made
to the district judge in accordance with Rule 72(a) and L.R. 74.1.

19).    In  exchange  for  these  services,  Deer  Management  would  pay  annual disbursements to Tactacell. (Rec. Doc. 10, p. 5).

Not  long  thereafter,  the  companies'  relationship  began  to  sour.    Tactacell claims it dutifully performed services in accordance with the Agreement yet did not receive payments from Deer Management and that Deer Management failed in its obligation  to  provide  annual  accountings  and  improperly  sought  to  terminate  the Agreement on June 10, 2021. (Rec. Doc. 1, ¶¶ 24-30).

On March 22, 2022, Plaintiff brought the above-captioned matter under this Court's diversity jurisdiction. (Rec. Doc. 1); 28 U.S.C. § 1332.   It seeks damages for Deer Management's breach of contract, or in the alternative, unjust enrichment.

On March 20, 2024, Deer Management filed the instant motion seeking to compel the production of a document it contends is "necessary for the defense of this matter. . . ."   (Rec. Doc. 85).   Deer Management contends that Tactacell has claimed it  was  "under  an  undisclosed  non-compete  agreement  with  a  third  party  that restricted  its  ability  to  provide  services  to  [Deer  Management]  and  that  [Deer Management] therefore had no right to terminate the contract with Tactacell at the time it did," but that Tactacell has refused to produce the "employment agreement dated October 11, 2013 ('Employment Agreement') between Busbice and nonparty Plano  Synergy  Holding  ('Plano')  that  appears  to  contain  certain  'restrictions'  on Busbice's activities."   (Rec. Doc. 84-2, p. 2).

2

## Analysis

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

A party seeking discovery may move the Court to compel discovery when a party fails to answer an interrogatory under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(B).   The party seeking to compel discovery bears the burden of showing that the information sought is relevant to the action or will lead to the admissibility of admissible evidence. *Wymore v. Nail*, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016).   Once the moving party shows this, the burden shifts to the party avoiding discovery to substantiate its objections. *Id.*   The objecting party "must state with specificity the objection, ... and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Reyes v. Red Gold, Inc.*, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).

In this case, Deer Management propounded its second set of requests for production on January 23, 2024 seeking:

> 1. The Employment Agreement referenced in the Consulting Agreement (Bates Nos. Tactacell 00349-357) at

> paragraph two.
> 2. Any and all agreements entered into between Plano
> Synergy Holding, Inc. and Tactacell, LLC including the
> "Endorsement Agreement" referenced in the Independent
> Contractor Agreement between Plaintiff and Defendant
> Deer Management Systems, LLC.
> 3. All documents supporting Tactacell, LLC's claims that it
> provided any performance under the Independent
> Contractor Agreement between Plaintiff and Defendant
> Deer Management Systems, LLC.

(Rec. Doc. 85-4).

On February 23, 2024, Tactacell provided documents in response to requests 2 and 3 but objected to producing the Employment Agreement on the grounds that "[t]his Request seeks information and documents that are not relevant or related to any claims or defenses in this matter nor is it reasonably calculated to lead to the discovery of admissible evidence."  (Rec. Doc. 85-5, at p. 3).

Deer Management claims that the Consulting Agreement which was produced terminates the Employment Agreement which has not been produced but appears to preserve certain provisions which are described as restrictions on Busbice's ability to perform the March 2020 Agreement at issue.  (Rec. Doc. 84-2, at p. 4).  Tactacell claims that the Consulting Agreement, which references the Employment Agreement, was terminated months before the March 2020 Agreement and is therefore irrelevant.  (Rec. Doc. 103, at p. 4).

Upon review of the motion and the record, the undersigned finds that Deer Management has met its burden to show that the information it seeks is relevant to the action.  Accordingly, Tactacell is ordered to provide responses to Deer

4

Management's second set of requests for production within seven days of the issuance of this ruling.

**Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant Deer Management's MOTION TO COMPEL (Rec. Doc. 85), is **GRANTED**.  Plaintiff Tactacell is **ORDERED** to produce the Employment Agreement requested in Deer Management's second set of requests for production within seven (7) days after the date of this Order.

**IT IS FURTHER ORDERED** that Deer Management's motion (Rec. Doc. 86) requesting expedited consideration of the aforementioned motion is **DENIED**.

Signed at Lafayette, Louisiana on this 24th day of May, 2024.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE