UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TACTACELL, LLC** | **CIVIL DOCKET NO. 6:22-cv-00773** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DEER MANAGEMENT SYSTEMS, LLC, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

MEMORANDUM RULING

Before the Court is a RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION FOR NEW TRIAL (the "Motion") filed by Defendant, Deer Management Systems, LLC ("DMS"). [Doc. 273]. Plaintiff, Tactacell, LLC, ("Plaintiff"), opposes the Motion [Doc. 280], and DMS filed a Reply Brief [Doc. 281]. For the following reasons, DMS's Motion is DENIED.

This Court conducted a three-day jury trial on the first stage of this bifurcated matter [Doc. 186] on October 2-4, 2024. At the conclusion of the trial, the jury rendered a verdict in favor of Plaintiff. In the instant Motion, DMS seeks a judgment in its favor as a matter of law pursuant to FRCP 50, or alternatively, a new trial pursuant to FRCP 59.

I. **FRCP 50**

FRCP 50(b) expressly provides for the post-trial renewal of a Rule 50(a) trial motion. At trial, DMS moved for a directed verdict, therefore, the instant motion is properly invoked under Rule 50(b). In *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, the Fifth Circuit discussed the standard for a Rule 50(b) motion after a jury verdict:

> [O]ur standard of review with respect to a jury verdict is especially deferential. A party is only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise. In evaluating the evidence, this court credit[s] the non-moving party's evidence and disregard[s] all evidence favorable to the moving party that the jury is not required to believe.

930 F.3d 647, 653 (5th Cir. 2019) (citations and quotations omitted). Thus, the Fifth Circuit has made it clear that when a jury has rendered its verdict, that verdict should not be disturbed absent strong, overwhelming evidence in the movant's favor against which a reasonable jury could not reach a contrary conclusion. *Gaddy v. Taylor Seidenbach, Inc.*, 446 F. Supp. 3d 140, 151 (E.D. La.), *aff'd sub nom. Adams v. Ethyl Corp.*, 838 F. App'x 822 (5th Cir. 2020), *citing Apache*, 930 F.3d at 653. *See also Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001).

In the instant Motion, DMS argues that, based upon the evidence adduced at trial, no reasonable jury could conclude that Matt Busbice, the principal of Tactacell, followed the reasonable directions of DMS's CEO, Jeff Peel, in undertaking Tactacell's contractual obligations. DMS goes on to argue that because Mr. Busbice failed to take reasonable direction from Mr. Peel, DMS had the right to terminate the contract for non-performance because no reasonable jury could conclude that DMS lacked the contractual right to terminate for insubordination. DMS also argues that the "reasonableness" of any instructions from Mr. Peel to Mr. Busbice is a legal question to be decided by the Court under Minnesota law and not a fact question for the jury.

But these arguments were already considered by the Court at both the summary judgment stage [Doc. 173] and at trial when DMS moved for a directed verdict on these very issues [Doc. 256]. The Court concluded at both stages of the litigation that factual issues were critical to the determination of whether DMS's termination of the contract for cause was legally effective. Furthermore, the Court finds that the testimony and evidence adduced at trial form a legally sufficient evidentiary basis to support the jury's verdict, and that DMS has not presented overwhelming evidence that points so strongly in its favor that reasonable jurors could not reach a contrary conclusion. Therefore, the Court must deny the Motion.

## II.   FRCP 59

Alternatively, the Plaintiff seeks a new trial under FRCP 59(a), which permits a district court to grant a new trial "on all or some of the issues after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In *Rolfe v. Am. Ins. Co.*, the court explained:

> In an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy. *See Fair v. Allen*, 669 F.3d 601, 604 and *Foradori v. Harris*, 523 F.3d 477, 498 (5th Cir. 2008). Louisiana provides a new trial "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence," La. Code Civ. P. art. 1972, and permits the court to grant a new trial "in any case if there is good ground therefor, except as otherwise provided by law," *Id.* art. 1973. The Fifth Circuit has explained that "despite permitting a trial court to review the jury's credibility determinations, Louisiana gives the jury high deference ... and provides a new trial 'when the verdict or judgment appears clearly contrary to the law and the evidence.'" ... Louisiana courts still accord jury verdicts great deference. *Fair v. Allen*, 669 F.3d at 60

2023 WL 5280942, at *1 (W.D. La. Aug. 16, 2023), *appeal dismissed*, 2023 WL 10407424 (5th Cir. Oct. 27, 2023).  A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so "to prevent an injustice." *Seibert v. Jackson Cnty., Mississippi*, 851 F.3d 430, 438 (5th Cir. 2017), *citing United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993).  Here, DMS has not shown "an absolute absence of evidence to support the jury's verdict," nor is the verdict otherwise clearly contrary to the law and the evidence.  Accordingly, there is no basis for a new trial.

Considering the foregoing,

IT IS HEREBY ORDERED that DMS's Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for New Trial [Doc. 273] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 7th day of March 2025.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE