UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TACTACELL L L C** | **CASE NO. 6:22-CV-00773** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DEER MANAGEMENT SYSTEMS L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM RULING**

Before this Court is a motion by Plaintiff Tactacell, LLC contained within its MOTION TO LIFT STAY AND TO SET A STATUS CONFERENCE TO ESTABLISH A PHASE II DAMAGES TRIAL DATE WITH CORRESPONDING ORDERS requesting that the same jury empaneled for the Phase I trial be recalled and empaneled for the Phase II trial. Rec. Doc. 270. Upon transfer of the motion to the undersigned, the undersigned granted the motion to the extent it sought to lift the stay and set a telephone status conference. Order, Rec. Doc. 272. The request in the instant motion was discussed during the status conference, so the undersigned granted Tactacell 30 days to file a supporting memorandum, granted Defendant Deer Management Systems, LLC (DMS) 30 days to file an opposition, and granted Tactacell seven days to file a reply. Minutes, Rec. Doc. 275. The parties filed memoranda as permitted. Rec. Docs. 290, 295, 296. The motion is therefore ripe.

Tactacell requests that the same jury that was empaneled for the Phase I trial on October 2-4, 2024 be recalled for the Phase II trial now set for March 23, 2026. Tactacell cites the general authority regarding a party's right to have one jury pass on common issues of fact. *See* Rec. Doc. 290 at 3. DMS contends that Tactacell waived any such right by failing to raise it when the Phase I jury was empaneled and later discharged. Rec. Doc. 295.

The undersigned did not preside over the Phase I trial. The minutes from the first day of trial note the empanelment of prospective jurors, the conduct of *voir dire*, and the

completion of jury selection.  Rec. Doc. 252.  No mention was made regarding any request by Tactacell that the same jury would return for the Phase II trial, which had not been set at that time.  Of course, the need for a Phase II trial was not a given *prior* to the Phase I trial.

This Court is mindful of Tactacell's argument but recalling the Phase I jury is simply not feasible.  The Phase II trial is set nearly 18 months after the completion of the Phase I trial.  The logistical issues expressed by DMS are evident enough, *e.g.*, locating and summoning those jurors and determining their ability (much less willingness) and qualification to serve again.  One court noted that empaneling the same jury for a later trial was "unworkable," doubted that the "same jurors would have sufficient recollection of the facts of this case to serve any useful purpose more than a year after the trial," and concluded that the plaintiff's Seventh Amendment concerns lacked merit.  *Averbach v. Rival Mfg. Co.*, 737 F. Supp. 330, 332 (E.D. Pa. 1990).  A later case cited *Averbach* for the same point and found that "the trial in this case concluded more than two years ago, and even assuming the court was able to track those jurors down, the court cannot imagine that the jurors would have retained sufficient recollection of the evidence to expedite this action in the slightest." *Parker v. Scrap Metal Processors, Inc.*, 2005 WL 8154270 at *6 (N.D. Ga.).  The same can be said here.  If the Phase I jury was not informed about returning but is recalled, the Court and the parties could not presume that they retained what they heard during the trial, thus requiring getting them up to speed and thereby obviating any benefit to or judicial economy in recalling them in the first place.  In addition, Tactacell fails to appreciate the effect of requiring the same jury to return a later date for a second trial on its deliberations in the first trial.  As another court observed:

> But that solution would create problems of its own.  The jury probably wouldn't be thrilled to hear at the end of the liability trial that they have to sit through a damages trial, too.  And telling the jury at the beginning of the trial that they have to sit through a second trial (on damages) if and only if the find

> for Plaintiffs on liability could infect their decision-making. It could plant unhelpful seeds in their heads.

*Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501 at *13, n. 1 (N.D. Ill.). Informing the Phase I jury that they would have to return on a later date for a second trial depending on their verdict may have resulted in a different outcome in the Phase I trial.

For the reasons stated above, Tactacell, LLC's motion seeking to empanel the Phase I jury for the Phase II trial (Rec. Doc. 270) is DENIED.

THUS DONE in Chambers on this 7th day of July, 2025.

_____
David J. Ayo
United States Magistrate Judge