# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TACTACELL, LLC | CIVIL ACTION NO.: "6:22-CV-00773" |
| VERSUS | JUDGE: Hon. David C. Joseph |
| DEER MANAGEMENT SYSTEMS, LLC | MAGISTRATE: Hon. David Ayo |

## MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL MEMORANDUM RULING OF MAGISTRATE JUDGE

Respectfully submitted,

**RIESS LEMIEUX, LLC**

By: */s/ Jonathan S. Forester*
Jonathan S. Forester (#32457)
Michael R.C. Riess (#2073)
Corey S. Lloyd (#37775)
Jennifer L. Mura (#38355)
1100 Poydras Street, Suite 1100
New Orleans, Louisiana 70163
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
Email: jforester@rllaw.com
Email: mriess@rllaw.com
Email: clloyd@rllaw.com
Email: jmura@rllaw.com

AND

*/s/ Richard T. Haik, Sr.*
Richard T. Haik, Sr. (#06414)
Morrow, Morrow, Ryan, Bassett & Haik
P O Drawer 1787
Opelousas, LA 70571-1787
Telephone: 337-948-4483
Facsimile: 337-942-5234
Email: rthaiksr@mmrblaw.com

*Counsel for Plaintiff, Tactacell, LLC*

i

## **Table of Contents**

I. Standard of Review ..................................................................................................... 1

II. Law and Argument ..................................................................................................... 2

    A. The Memorandum Ruling Does Not Cite any Binding Authorities. ................... 2

    B. Tactacell's Constitutional Rights Were Not Addressed by the Memorandum Ruling; Silence Regarding Same is Not a Waiver. ............................................... 4

    C. The Phase I Jury Is Familiar with the Facts, Was Attentive, and Can be Called Back to Court. ........................................................................................................ 5

    D. The Court Instructed the Jury Not to Discuss the Case with Parties or Counsel. .... 6

    E. The Memorandum Ruling Misinterprets a Footnote in *Kraft Foods*, Which Is a Non-Authoritative Case. ........................................................................................ 8

III. The Memorandum Ruling is Clearly Erroneous to the Law and thus the Standard of Review is Met ............................................................................................................. 10

IV. Conclusion ................................................................................................................. 11

## **TABLE OF AUTHORITIES**
<u>Cases</u>

*Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th.Cir. 1978) ............................................... 3

*Averbach v. Rival Mfg. Co.*, 737 F. Supp. 330, 332 (E.D. Pa. 1990) .......................................... 2, 5

*Fetzer v. Wal-Mart Stores, Inc.*, 2016 WL 6833912 ....................................................................... 8

*Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501 .................. 2, 8, 9, 10

*Parker v. Scrap Metal Processors, Inc.*, 2005 WL 8154270 at *6 (N.D. Ga.) ............................ 2, 5

<u>Statutes</u>

9A Fed. Prac. & Proc. Civ. § 2391 .................................................................................................. 3

28 U.S.C. § 636 ..................................................................................................................... 2, 3, 10

<u>Rules</u>

Fed. R. Civ. Proc. 38 .................................................................................................................. 4, 5

Fed. R. Civ. Proc. 48 ....................................................................................................................... 7

Fed. R. Civ. Proc. 72 ....................................................................................................................... 1

<u>Constitutional Provisions</u>

U.S. Const. amend. VII ................................................................................................................... 4

Plaintiff, Tactacell, LLC ("Tactacell" and/or "Plaintiff") submits this Memorandum in support of its Motion For Relief from Nondispositive Pretrial Memorandum Ruling of Magistrate Judge. The Memorandum Ruling[1] denied Plaintiff's Motion to Empanel the Same Jury. However, the Memorandum Ruling is not based in law; rather, it is conclusory in nature and cites only legal authority which is not binding on or even instructive to this Court. Such a ruling violates Tactacell's Constitutional rights under the Seventh Amendment, and thus, Tactacell requests relief from the Memorandum Ruling and that Your Honor grant Tactacell's Motion to Empanel the Same Jury for the Phase II Damages trial.

<strong><u>Summary Statement</u></strong>

1. **Tactacell has a Constitutional Right to Trial by Jury under the Seventh Amendment of the Constitution.**
2. **The Eighth Circuit and Western District of Louisiana routinely empanel the same jury in bifurcated trials.**
3. **The Magistrate Judge's Memorandum Ruling does not cite to any binding jurisprudence in its reasoning for denying Tactacell's Constitutional right and its Motion to re-seat the Phase I jury, and additionally assumes the jury forgot all of Phase I when Your Honor who presided over the trial and jury stated, "…you are a great jury. You paid attention to all the evidence and the witnesses that testified. "I don't think I've ever seen a jury this good before." There is no support to the conclusion that it would be more difficult to recall the same jury.**
4. **An analysis of the case law cited by the Magistrate Judge's Memorandum Ruling stands for the proposition of seating the Phase I jury because the way to eliminate any Constitutional Seventh Amendment concerns is to utilize the same jury for both liability and damages when a damages trial is needed.**

**I.    <u>Standard of Review</u>**

In accordance with FRCP 72[2], this objection is filed timely within 14 days of the order, which was entered on July 7, 2025.[3] Also under FRCP 72, "[t]he district judge in the case must

---

[1] R. Doc. 321.
[2] Fed. R. Civ. Proc. 72(a).
[3] R. Doc. 321.

1

consider timely objections and modify or set aside any part any part of the order that is clearly erroneous or is contrary to law." Further, a district judge may reconsider a magistrate judge's determination of a nondispositive pretrial matter if the magistrate judge's order is "clearly erroneous or contrary to law."[4] The filings which were reviewed by the Magistrate Judge are attached hereto for Your Honor's consideration.[5]

II.     <u>Law and Argument</u>

    A.     **The Memorandum Ruling Does Not Cite any Binding Authorities.**

The Memorandum Ruling cites only to district courts, none of which are in the Eighth Circuit (which the Independent Contract Agreement was formed) or the Fifth Circuit which controls procedural matters in this jurisdiction. The Memorandum cited only to the following:

    *Averbach v. Rival Mfg. Co.*, 737 F. Supp. 330, 332 (E.D. Pa. 1990)

    *Parker v. Scrap Metal Processors, Inc.*, 2005 WL 8154270 at *6 (N.D. Ga.)

    *Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501 at *13, n. 1 (N.D. Ill.)

These three district court cases from other courts across the country will be distinguished herein, but they are not authoritative in the first place. In other words, the Memorandum Ruling did not cite to <u>**any**</u> law to which this Court is bound, and, the law it did cite does not stand for the proposition that the same jury should not be utilized.

Wright & Miller's Federal Practice and Procedure reviewed jury empanelment in bifurcated trials. Wright & Miller states that "it seems to be accepted that the **better and preferred practice is to use the same jury for all of the issues in an action, even though it may hear those**

---

[4] 28 U.S.C. § 636(b)(1)(A).
[5] R. Doc. 290, Tactacell, LLC's Memorandum in Support of Tactacell's Motion to Empanel the Phase I Jury for Phase II of the Trial;
R. Doc. 295, Defendants Deer Management Systems, LLC's and Tactacam, LLC's Memorandum in Opposition to Plaintiff's Motion to Recall the Phase One Jury;
R. Doc 296, Tactacell, LLC's Reply Memorandum in Support of Motion to Empanel the Phase I Jury for Phase II of the Trial.

**issues at different times**. This certainly is **the safer course** for the court to follow."[6] Wright & Miller then cited to six district courts which empaneled the same jury in bifurcated matters.[7]

In *Blue Bird*, the Fifth Circuit stated that "[s]uch a rule [of utilizing the same jury] is dictated for the very practical reason that if separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each jury could be inconsistent."[8] In Blue Bird, the Fifth Circuit went on to explain that "bifurcation to separate juries of liability and damages in a case inevitably introduces the possibility that in the liability phase the first jury might find that there was such injury, while the second jury might on the same evidence of injury in the damage phase, find none."[9] This is the law which should have been followed by the Memorandum Ruling. As stated in Tactacell's Memorandum in Support of its Motion, it has not found a single breach of contract case within the Fifth Circuit which empaneled two juries; nor has it found a bifurcated case within the Fifth Circuit wherein two different juries were utilized for only one week of testimony across multiple phases of a single trial.[10] Neither DMS nor the Memorandum Ruling cite to such a case themselves. Therefore, this ruling is clearly erroneous and contrary to the law."[11] of the Fifth Circuit. Not only is it contrary to the Fifth and Eighth Circuits, but the Memorandum ruling does not cite to binding or even instructive cases in its denial of Tactacell's constitutional right to the same jury. Thus, the Memorandum Ruling is clearly erroneous and contrary to the law, the standard of review is met, and Plaintiff's Motion to Empanel the Same Jury should be granted.

---

[6] § 2391 Separate Trials—Jury Trial, 9A Fed. Prac. & Proc. Civ. § 2391 (3d ed.).
[7] *Id*. at fn 4.
[8] *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th.Cir. 1978).
[9] *Id*.
[10] R. Doc. 290 at p. 10.
[11] 28 U.S.C. § 636(b)(1)(A).

> **B.   Tactacell's Constitutional Rights Were Not Addressed by the Memorandum Ruling; Silence Regarding Same is Not a Waiver.**

Not only did the Memorandum Ruling cite only nonbinding and non-authoritative district court opinions, but the Ruling also ignored, without attempting acknowledge or distinguish the binding Fifth Circuit and authoritative Western District jurisprudence directly on point. The Memorandum Ruling states that "Tactacell cites the general authority regarding a party's right to have one jury pass on common issues of fact." See Rec. Doc. 290 at 3. While it is accurate to state that the general right of a party is that the same jury is to hear common issues of fact, such a statement is incomplete, because it does not state that the general rule is grounded in the Seventh Amendment of the Constitution. The Seventh Amendment provides that in "[s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall otherwise be re-examined."[12] There is no mention of Tactacell's Seventh Amendment rights in the Memorandum Ruling, and Tactacell avers that its Seventh Amendment rights are violated unless the same jury is re-seated.

DMS argued in its Opposition that Tactacell waived its right to request the same jury when it failed to so move during the first trial.[13] Magistrate Judge Ayo also stated that Tactacell did not request the same jury.[14] However, neither the Magistrate Judge nor DMS cited to any authority – the Federal Rules of Civil Procedure, legislation, or caselaw – which supports the notion that Tactacell can waive its constitutional rights with silence. Nonetheless, FRCP 38 states that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."[15] The manner to preserve a party's right

---

[12] U.S. Const. amend. VII.
[13] R. Doc. 295.
[14] R. Doc. 321.
[15] Fed. R. Civ. Proc. 38(a).

to trial by jury is to serve the other party with a written demand. [16]Tactacell did just this in its Complaint.[17] Tactacell has never waived any of its constitutional rights – and certainly did not do so with silence.

      **C.    The Phase I Jury Is Familiar with the Facts, Was Attentive, and Can be Called Back to Court.**

The Memorandum Ruling accurate states that the Magistrate Judge did not preside over the Phase I Liability Trial. The Magistrate Judge then cited the Eastern District of Pennsylvania, which held a bifurcated trial in *Averbach v. Rival Mfg.* The *Aberbach* court stated there was doubt that the "same jurors would have sufficient recollection of the facts of this case to serve any useful purpose more than a year after the trial."[18] The same logic was applied by the Northern District of Georgia in *Parker v. Scrap Metal Processors.*[19] Neither of these non-binding authorities stated that there is a bar to re-empaneling the same jury. Further, it is the inverse of the logic of these non-binding courts should be followed: the Phase I jury will undoubtedly have more familiarity with the facts at issue in this matter than any other "new" jury possibly could.

*Averbach* was a Racketeer Influenced and Corrupt Organizations Act ("RICO") trial. In *Averbach*, the jury's verdict was overturned by the court which found that "[p]laintiff's evidence of fraud was critically deficient of any relevant evidence upon which the jury could conclude Averbach relied."[20] No such finding was made in this case by Your Honor, and of course, the Eastern District of Pennsylvania's holdings are not binding on this Court. As acknowledged in the Ruling, Magistrate Ayo acknowledges that he did not preside over the Phase I trial, and may not have been made aware that this jury, as noted by Your Honor, was not just a satisfactory jury or a

---

[16] Fed. R. Civ. Proc. 38(b).
[17] R. Doc. 1.
[18] R. Doc. 321 *citing to Averbach v. Rival Mfg. Co.*, 737 F. Supp. 330, 332 (E.D. Pa. 1990).
[19] *Parker v. Scrap Metal Processors, Inc.*, 2005 WL 8154270 at *6 (N.D. Ga.).
[20] *Averbach* at 331. This ruling was reversed. *Id.*

5

good jury, but it was comprised of "ideal jurors."[21] Your Honor specifically stated that all eight jurors paid close attention to **all evidence and witnesses**. At the conclusion of testimony, Your Honor stated to the jury:

> THE COURT: Ladies and gentlemen, you have now heard all of the evidence in this case. […] Thank you so much for your attention. **I've been paying close attention to you, and you've all been ideal jurors. In fact I don't think I've ever seen a jury this good before.** So thank you for that. We'll see you y'all tomorrow morning.[22]

Then, after the jury reached your verdict, Your Honor stated:

> THE COURT: Okay. Well, thank you very much. I appreciate your attention. As I told you yesterday, **you are a great jury. You paid attention to all the evidence and the witnesses that testified.**[23]

Thus, this jury paid attention and has more background awareness than any other jury possibly could. Magistrate Judge Ayo and DMS also stated there could be logistical difficulties of reconvening the same jury – but again they cite no authority. The eight members can be re-subpoenaed for the Phase II Damages trial; certainly it is easier to issue eight subpoenas to the Phase I jury than it is to issue more than 25 subpoenas to random members of the community. Preserving the same jury would likely only be less burdensome than the alternative and would save the Court time and money.

### D. The Court Instructed the Jury Not to Discuss the Case with Parties or Counsel.

Upon the conclusion of the trial, Your Honor admonished the jury, "you do not talk to any of the lawyers or the parties about the case,"[24] and there is no evidence of tainting. The jury was instructed not to talk to the parties or their counsel. Tactacell again confirms that it and its representatives and counsel heeded Your Honor's admonition to the jury against discussion of the

---

[21] R. Doc. 273-3, Trial Transcript, Vol II, 449:18.
[22] R. Doc. 273-3, Trial Transcript, Vol II, 448:22-23; 449:17-20.
[23] R. Doc. 273-4, Trial Transcript, Vol III, 525:20-23.
[24] R. Doc. 273-4, Trial Transcript, Vol III, 526:6-7.

case. Surely, DMS and its counsel would confirm the same on their behalf. Thus, if the Court is to presume anything, it should be that these "ideal jurors"[25] did exactly as Your Honor directed, resulting in no prejudice to any party.

In summary, Plaintiff's request in its Motion to Empanel the Same Jury could in no way even remotely or possibly cause any iota of prejudice whatsoever to Defendants. However, the Memorandum Ruling takes away Tactacell's constitutional rights, and it is based only on conclusory statements and unsupported assumptions without citing any binding or authoritative legal authority in the entire Ruling, and without acknowledging the binding Fifth Circuit and Authoritative Western District cases cited by Plaintiff. Plaintiffs plead for Your Honor and the Western District of Louisiana not to take away Plaintiffs Constitutional right to the jury when no possible prejudice could result to either party if Plaintiff's request is granted. On the other hand, if DMS' request is granted as the Ruling presently does, Plaintiff will suffer extreme and constitutional bedrock-destroying prejudice. Plaintiff pleads for the Western District to take the easiest of actions which is to send eight subpoenas (instead of the alternative, 25+ subpoenas to seat a new jury) to the Phase I jury to at least make an attempt to uphold Plaintiff's constitutional rights, before deciding to take them away summarily and without legal support. It is for this reason that the Memorandum Ruling is clearly erroneous as well as contrary to law. Further, there is no legal reason not to attempt to seat the same jury, with only six of the eight jurors needed to comprise a proper jury.[26] At that time, the Court will be free to question the jurors to address any of its concerns, and to confirm that this ideal jury heeded Your Honor's directive not to discuss this matter with the parties and counsel.

---

[25] R. Doc. 273-3, Trial Transcript, Vol II, 449:18.
[26] Fed. R. Civ. Proc. 48(a).

7

### E. The Memorandum Ruling Misinterprets a Footnote in *Kraft Foods*, Which Is a Non-Authoritative Case.

The Memorandum Ruling states that "Tactacell fails to appreciate the effect of requiring the same jury to return a later date for a second trial on its deliberations in the first trial. As another court observed:

> But that solution would create problems of its own. The jury probably wouldn't be thrilled to hear at the end of the liability trial that they have to sit through a damages trial, too. And telling the jury at the beginning of the trial that they have to sit through a second trial (on damages) if and only if the find for Plaintiffs on liability could infect their decision-making. It could plant unhelpful seeds in their heads."[27]

Again, the *Kraft Foods* court is not authoritative. Nonetheless, upon consideration, *Kraft Foods* stands for the proposition proposed by Tactacell, which is that the same jury **should** be seated for both phases of the trial for three reasons. First, as an initial matter in *Kraft Foods*, the Northern District of Illinois was considering whether to bifurcate the matter between trials on liability (i.e. if there was a conspiracy) and then damages.[28] The *Kraft Foods* court started by noting that the general rule to "**eliminate** any Seventh Amendment concerns [is] by "**utilizing the same jury** for both liability and damages" if a damages trial is needed."[29] The general authority to which Tactacell cites is a way of eliminating Seventh Amendment concerns by utilizing the same jury. In other words, there **are** Seventh Amendment concerns if the same jury is **not** utilized. The *Kraft Foods* quote is from a footnote which notes two **hypothetical** concerns with seating the same jury – **neither** of which happened in this case. The first hypothetical concern was that a jury may not be thrilled to learn that if it found for the plaintiff in the Phase I trial, that it would have to sit

---

[27] R. Doc. 321 *citing to Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501 at *13, n. 1 (N.D. Ill.).
[28] *Id*. at *13.
[29] *Id*., *citing to Fetzer v. Wal-Mart Stores, Inc.*, 2016 WL 6833912 at *3 and 9A Wright & Miller, *supra* fn 9. Emphasis added.

8

through a damages trial.[30] Here, though, no such admonition or instruction was given, and thus the concern raised by the *Kraft Notes* footnote is moot.

The second hypothetical concern raised by the *Kraft Notes* footnote is that informing a jury before trial that it would have to hear a damages trial if it finds for the plaintiff in the liability phase could infect a jury's decision-making.[31] Your Honor also did not give the jury this direction; and even if Your Honor had given this instruction, it would have prejudiced Plaintiff – by making the jury less likely to find for liability – not Defendants. In other words, the guidance in *Kraft Foods* discusses potential prejudice to plaintiffs (only if the hypothetical had occurred, which it did not), not defendants. Surely, hypothetical dicta in an unpublished North Dacota District Court case about a situation that did not occur in this case (where the court **did** ultimately sit the same jury) should not be the cited basis for taking away Tactacell's Constitutional right to the same jury in the Western District of Louisiana. And if such case was authoritative or even instructive, which it is not, and if such situation had occurred in this case, which it did not, it would be Tactacell – not Defendants – who would be the potentially prejudiced party. Your Honor has not prejudiced plaintiffs, pursuant to the hypothetical dicta in the unpublished Illinois District Court case, and Plaintiff has its Constitutional right to empanel the same jury for the Phase II Damages trial.

And if this was not enough to show that the ruling was contrary to authoritative law, the court in *Kraft Foods,* after quoting the hypothetical dicta, actually sat the **same jury.** At issue in *Kraft Foods* was an alleged conspiracy to limit the supply of eggs.[32] The court, when considering the bifurcation, further quoted the Federal Judicial Center in that the **better and accepted** practice is to use the **same jury** for all issues in the action, even if the jury hears those issues at different

---

[30] *Id.*
[31] *Id.*
[32] *Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501 at *1 (N.D. Ill., 2023).

9

times.[33] <u>The *Kraft Foods* court then seated the same jury</u>, which found some of the defendants liable and then went on to render a damages verdict after Phase II of the trial was held.[34] The total trial time was **seven weeks**,[35] whereas the total trial time for this jury would remain under one week.

To conclude the analysis of *Kraft Foods*, it is a non-authoritative case which raises hypothetical concerns in a footnote. These hypothetical concerns did not occur in this case and when fully analyzed, *Kraft Foods* actually stands for the proposition that Tactacell's Motion should have been granted as the better and accepted practice in the absence of such concerns is to seat the same jury.

### III. The Memorandum Ruling is Clearly Erroneous to the Law and thus the Standard of Review is Met

A district judge may reconsider a magistrate judge's determination of a nondispositive pretrial matter if the magistrate judge's order is "clearly erroneous or contrary to law."[36] The standard is met here. Tactacell has a constitutional right under the Seventh Amendment to trial by jury. Tactacell cited to Fifth Circuit jurisprudence which was unaddressed by the Memorandum Ruling; rather, the Memorandum Ruling relied only on jurisprudence from other district courts, and this jurisprudence was nonetheless distinguished herein. The Memorandum Ruling does not once even address how, or even if, Tactacell's constitutional rights are protected given the ruling. The case most heavily relied upon by the Memorandum Ruling – *Kraft Foods* – supports the argument that the jury should be reconvened, and in fact, that is the step the *Kraft Foods* court took to "**<u>eliminate</u>** any Seventh Amendment concerns."[37] The Memorandum Ruling acknowledges that

---

[33] *Id*. at *13.
[34] *Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2024 WL 4346418 at *1 (N.D. Ill., 2024).
[35] *Id*.
[36] 28 U.S.C. § 636(b)(1)(A).
[37] *Kraft Foods Global, Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501 at *13, n. 1 (N.D. Ill.).

10

the Magistrate Judge did not preside over the trial; a review of the trial transcript only serves as a basis as to why this set of ideal jurors should be reconvened. The Court instructed the parties and attorneys not to discuss the matter with the jury, and Tactacell certainly has not done so. For each and all of these reasons, the Memorandum Ruling is both erroneous and contrary to the law. Thus, Tactacell's Motion to Empanel the Same Jury should be reconsidered and granted.

### IV.   Conclusion

WHEREFORE, Plaintiff respectfully requests relief from the Nondispositive Pretrial Memorandum Ruling of Magistrate Judge. The Magistrate Judge's ruling was conclusory in nature did not cite authoritative law, and its analysis of the law it relied upon is flawed. Thus, Tactacell respectfully asks Your Honor to grant Tactacell's Motion to Empanel the Same Jury for the Phase II Damages trial.

Respectfully submitted,

**RIESS LEMIEUX, LLC**

By: /s/ *Jonathan S. Forester*
Jonathan S. Forester (#32457)
Michael R.C. Riess (#2073)
Corey S. Lloyd (#37775)
Jennifer L. Mura (#38355)
1100 Poydras Street, Suite 1100
New Orleans, Louisiana 70163
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
Email: jforester@rllaw.com
Email: mriess@rllaw.com
Email: clloyd@rllaw.com
Email: jmura@rllaw.com

AND

/s/ *Richard T. Haik, Sr.*
Richard T. Haik, Sr. (#06414)
Morrow, Morrow, Ryan, Bassett & Haik
P O Drawer 1787
Opelousas, LA 70571-1787
Telephone: 337-948-4483
Facsimile: 337-942-5234
Email: rthaiksr@mmrblaw.com

***Counsel for Plaintiff, Tactacell, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record on this 21st day of July, 2025.

/s/ *Jonathan S. Forester*
Jonathan S. Forester