UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TACTACELL, LLC**                          **CIVIL DOCKET NO. 6:22-cv-00773**

**VERSUS**                                  **JUDGE DAVID C. JOSEPH**

**DEER MANAGEMENT SYSTEMS, LLC, ET AL**     **MAGISTRATE JUDGE DAVID J. AYO**

## ORDER

Before the Court is a MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL RULING OF MAGISTRATE JUDGE (the "Motion") filed by Plaintiff Tactacell, LLC, (hereinafter, "Tactacell" or "Plaintiff") in the above-captioned case. [Doc. 327]. Defendants Deer Management Systems, LLC, and Tactacam, LLC, filed a response on August 1, 2025. [Doc. 335].

By way of background, the Court entered a Bifurcation Order in this matter on July 15, 2024. [Doc. 186]. A jury was subsequently empaneled, and a "Phase I" jury trial was held on October 2-4, 2024. After the close of evidence and instructions from the Court, that jury returned its verdict in favor of Plaintiff on the discrete issue of whether Defendant DMS properly terminated the Independent Contract Agreement ("ICA") by virtue of its June 21, 2021, letter to Tactacell. Having rendered its verdict, the Court discharged the jury without objection from any party. At no time prior to the jury's discharge did counsel for any party request that the jury be retained for subsequent proceedings.

More than three months after the completion of the Phase I jury trial and discharge of that jury, Plaintiff's counsel requested that the same jury be recalled

for the Phase II trial scheduled for March 23, 2026. [Docs. 270, 290, 295, 296]. That motion was denied in a July 7, 2025, Order by Magistrate Judge Ayo. [Doc. 321]. In his ruling, Magistrate Judge Ayo relied primarily on the myriad of logistical and evidentiary issues raised by Tactacell's post-facto request for the same jury.

Because Tactacell has timely filed objections, the Court reviews this non-dispositive ruling by the Magistrate's Judge [Doc. 321] to determine whether the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72. In support of its Motion, Tactacell faults, among other things, the Magistrate Judge's citation to non-binding authority and recites the general authority that "[t]he Seventh Amendment entitles parties to have fact issues decided by one jury[] and prohibits a second jury from reexamining those facts and issues." *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 750 (5th Cir. 1996).

Having reviewed the Magistrate Judge's Order, the Court finds that it is correct. The Court also notes – as has been previously discussed with the parties – that the Phase II jury will not be called upon to reconsider findings of fact by the first jury. The Phase I jury <u>only</u> found that Deer Management Systems, LLC, did not terminate the ICA by virtue of its June 21, 2021, letter to Tactacell. The Phase II jury will not re-consider this issue and will be appropriately instructed on the factual findings made in the Phase I trial. Regardless, the only feasible remedy at this juncture for Tactacell's alleged Seventh Amendment concern is not to recall a long-ago discharged jury, but to seek a new Phase I trial and the retention of that

jury for future proceedings. Tactacell has made no such request and therefore the Court will not consider it.

Finding the non-dispositive ruling of the Magistrate Judge correct and in accordance with law and further finding that Tactacell failed to timely request the retention of the jury empaneled for the Phase I trial for further proceedings, Tactacell's Motion is DENIED.

## CONCLUSION

Considering the foregoing,

IT IS HEREBY ORDERED that Plaintiff's MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL RULING OF MAGISTRATE JUDGE [Doc. 327] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 11th day of August 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE